UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOE HAND PROMOTIONS INC,

        Plaintiff,

v.                                                     Case No. 14-C-1058

JOHN W BOHL,

        Defendant.

## ORDER DENYING MOTION TO VACATE

Plaintiff's counsel failed to appear at the final pretrial conference in this matter held on September 10, 2015. Defendant's counsel noted at the conference that plaintiff's counsel had also failed to file a final pretrial report as required under Civil L.R. 16(c)(1), or conduct any discovery in the case, and counsel requested dismissal of the case pursuant to Federal Rule of Civil Procedure 16(f)(1), under which the court may issue any just order, including an order for dismissal as a sanction, if a party or its attorney fails to appear at a pretrial conference or fails to obey a pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(A) & 37(b)(2)(A)(v). The court granted defendant's request and removed the jury trial from the court's calendar. Judgment of dismissal was entered on September 10, 2015. ECF No. 30.

On September 23, 2015, plaintiff filed a motion to vacate the judgment pursuant to Rule 60(b). ECF No. 31. In support of the motion, plaintiff's counsel submitted an affidavit stating that a law clerk who worked for his firm failed to calendar the pretrial conference on counsel's daybook. Counsel further stated that this was his first failure to appear in federal court in 12 years of practice. Finally, counsel stated that plaintiff had indeed sent a set of requests for admission to the defendant

on February 18, 2015, and that the defendant had failed to respond, thereby admitting all requests. Thus, with defendant having admitted liability for the claim of unlawfully broadcasting an Ultimate Fighting Championship event on February 4, 2012 without paying the commercial rate contrary to 47 U.S.C. § 605, plaintiff's counsel stated that the only matter left to try was damages. Aff. of Peter S. Balistreri, ECF No. 31-1 ¶¶ 9–10.

On September 28, 2015, plaintiff's counsel filed a letter to the court stating that he had received a phone call from defendant's counsel in which defendant's counsel indicated he had never received any requests for admission as stated in the affidavit in support of plaintiff's motion to vacate the judgment. ECF No. 32. Although plaintiff's counsel's file for the case included a certificate of service of the discovery requests (prepared by an attorney who no longer practices with plaintiff's counsel's firm), plaintiff's counsel indicated in the letter that he accepted defendant's counsel's statement and was withdrawing his affidavit and would file another affidavit in support of his motion to vacate.

Plaintiff's counsel filed a supplemental affidavit on October 2, 2015. The supplemental affidavit affirms the statements in the previous affidavit but withdraws paragraphs 9–11 regarding defendant's supposed failure to respond to the discovery requests. ECF No. 34. Attached to counsel's affidavit is an affidavit of Keith A. Schuch, who observed the unlawful display of a UFC program at the defendant's establishment. Plaintiff's counsel also filed a brief in support of the motion to vacate the judgment in which counsel argues that his failure to appear at the final pretrial conference was excusable neglect warranting relief from the judgment pursuant to Rule 60(b)(1). Counsel also notes that the defendant has no viable defense to liability for plaintiff's claim under 47 U.S.C. § 605. ECF No. 35.

2

Case 1:14-cv-01058-WCG   Filed 11/10/15   Page 2 of 4   Document 37

In response, defendant argues that plaintiff's counsel's failure to appear at the final pretrial conference was not a singular event, but part of a pattern of inexcusable neglect throughout this case, including missing the deadline for initial disclosures, failing to conduct any discovery, failure to file the pretrial report, and failure to appear at the pretrial conference.

Rule 60(b)(1) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . excusable neglect." Such a motion must be made within a "reasonable time" and no more than one year after entry of judgment. Fed. R. Civ. P. 60(c)(1). The law of the Seventh Circuit used to be that "it would be an abuse of discretion to grant Rule 60(b) relief on the basis of a negligent mistake." *Lomas & Nettleton Co. v. Wiseley*, 884 F.2d 965, 967 (7th Cir. 1989). However, following the Supreme Court's decision in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993), the law now is that "attorney carelessness *can* constitute excusable neglect, but 60(b)(1) relief remains a discretionary safety valve." *Federal Election Com'n v. Al Salvi for Senate Committee*, 205 F.3d 1015, 1020 (7th Cir. 2000) (emphasis in original). The Seventh Circuit has also noted that a district court may consider an attorney's track record of compliance with court deadlines when determining whether an attorney's error constitutes excusable neglect, but that the court may not treat the attorney's record as a dispositive factor. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 362 (7th Cir. 1997).

Here, I conclude that the conduct of the law firm of counsel for the plaintiff does not constitute excusable neglect. Courts cannot properly and efficiently operate if trials are to be postponed and rescheduled because someone at the law firm for one of the parties forgets to put a date on the calendar and, as a result, nothing in the case gets done until after the pretrial conference

3

is missed and an order of dismissal is entered. The defendant should not be required to incur the expense of having his attorney prepare for pretrial, travel to court and then have the case adjourned because counsel for the plaintiff failed to place the trial date on his calendar. Defendants, no less than plaintiffs are entitled to have the case resolved without unnecessary delay so that they can minimize the expense of litigation and get on with their lives.

In reaching this decision, I have considered the alternative sanction of imposing the attorneys fees and costs incurred by counsel for the defendant in preparing for and attending the pretrial conference, as well as opposing the plaintiff's motion to vacate. Doing so, however, would only prolong the case, contrary to the interests of the defendant in a prompt resolution, and fail to vindicate the court's interest of judicial efficiency. Given the relatively small amount of actual damages and value of the case, as reflected in the lack of attention paid to it by the plaintiff, ordering plaintiff to pay the defendant's costs and attorney's fees would likely amount to little more than a wash.

Taking all these matters into consideration, I conclude that plaintiff's motion to vacate the judgment of dismissal should be denied.

**SO ORDERED** at Green Bay, Wisconsin this  10th   day of November, 2015.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court